IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 21-139 |
| ) | Civil No. 25-495 |
| ) | Judge Nora Barry Fischer |
| TODD HILL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

I.     INTRODUCTION

Presently before the Court are a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Docket No. 128), filed by *pro se* Defendant Todd Hill on April 7, 2025, and the Government's opposition thereto, (Docket No. 134). Defendant argues that his convictions for conspiracy and possession with intent to distribute heroin and fentanyl and the sentence of 120 months' incarceration he is currently serving should be set aside based on alleged ineffective assistance of his counsel and prosecutorial misconduct. (Docket No. 128). Defendant claims that there was a plea agreement between the parties for a specific sentence of 84 months' incarceration and that he pled guilty based on erroneous advice from his lawyer that he would not be subject to increased penalties due to the filing of the § 851 Information. (*Id*.). The Government counters that Defendant's Motion should be denied because his claims are plainly contradicted by the record, including the fully executed written plea agreement and plea colloquy. (Docket No. 138). In this regard, the Government advocates that Defendant knowingly and voluntarily pled guilty to the drug charges in this matter and the firearms offense in the related case at Criminal No. 21-75 after the Court fully informed him of the charges, the terms of the written plea agreement, the § 851 Information filed by the Government, and the potential penalties for the offenses, including

that he was subject to a mandatory term of 120 months' incarceration and up to a life term. (Docket No. 134).

Defendant was granted an extension of time to submit a Reply by July 23, 2025 but has not filed same as of the date of this Opinion. (Docket Nos. 135; 136). As no further briefing has been received, the Motion is fully briefed and ripe for disposition. After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [128] is denied.

II.  BACKGROUND

Defendant has a lengthy criminal history in federal court. (*See* PIR at ¶¶ 44; 46). He was initially convicted of possession with intent to distribute crack cocaine in the U.S. District Court for the Northern District of West Virginia in 2007 and sentenced to 121 months' imprisonment followed by 4 years of supervised release. (PIR at ¶ 44). He was released from custody of the Bureau of Prisons ("BOP") in 2013 and his case was transferred to this District for supervision at Criminal No. 14-124. (*Id*.). While on supervision, Defendant continued to engage in drug trafficking and was one of the individuals charged with conspiracy to possess with intent to distribute heroin as part of the Gardenhire case at Criminal No. 15-87. (PIR at ¶ 46). In separate proceedings before the Hon. David Cercone and this Court, he admitted the supervised violations, pled guilty to a lesser included offense of conspiracy to possess with intent to distribute a quantity of heroin, and was sentenced to consecutive terms of 14 months for the violations and 24 months' incarceration for the new offense, for a total of 38 months' incarceration. (PIR at ¶¶ 44, 46). He was also ordered to serve 6 years of supervised release in the case at Criminal No. 15-87. (PIR at ¶ 46).

Defendant was released from his second stint in the BOP in February of 2018. (PIR at ¶ 46). He once again violated his supervised release by committing additional federal crimes leading

to the filing of violation petitions in Criminal No. 15-87 and separate indictments for felon in possession of a firearm at Criminal No. 21-75 and conspiracy with intent to distribute 40 grams or more of fentanyl and 100 grams or more of heroin and a substantive count of possession with intent to distribute a mixture containing 40 grams or more of fentanyl and heroin at Criminal No. 21-139. (PIR at ¶¶ 10-23, 46).

All three of Defendant's cases were assigned to the undersigned Judge and defense counsel was afforded several extensions of time to file pretrial motions in the new cases. (*See* Docket Reports Crim. Nos. 21-75 & 21-139). Defendant eventually filed a motion to suppress evidence in Criminal No. 21-139 and a motion for release from custody in all three matters. (Docket Nos. 74; 81). The motions were partially briefed as the Government submitted responses but the deadline for Defendant to reply was extended at counsel's request due to ongoing plea negotiations. (Docket Nos. 86; 88-95; 97-98).

In anticipation of a change of plea hearing, the Government filed an Information pursuant to 21 U.S.C. § 851 on August 22, 2023, notifying Defendant that the recidivist sentencing provisions of 21 U.S.C. § 841 applied as result of his prior drug trafficking convictions in Criminal Nos. 14-124 and 15-87. (Docket No. 96). The Court was also forwarded a fully executed plea agreement which was signed by Defendant on September 26, 2023. (Docket No. 101-1). The relevant terms included that Defendant would plead guilty to Count 1 of Criminal No. 21-75 and Counts 1 and 3 of Criminal No. 21-139; the Government reserved the right to file the § 851 Information; the potential penalties for the drug offenses in Criminal No. 21-139 included a term of incarceration of at least 10 years and up to life and up to 10 years' incarceration for the firearms offense in Criminal No. 21-75; Defendant would forfeit the firearm and ammunition and U.S. currency seized on October 18 and 19, 2020; Defendant waived his right to appeal his conviction

or sentence, subject to exceptions specified therein; and the parties stipulated that Defendant was responsible for a mixture of fentanyl and heroin weighing 200 grams for guidelines purposes. (Docket No. 101-1 at ¶¶ A.1, A.2, A.3, A.7, C.1.a., C.2.a., C.3). Most relevant here, the final page of the plea agreement contains the following provision directly above Defendant's signature:

> I have received this letter from my attorney, Milton E. Raiford, Esquire, have read it and discussed it with him, and I understand the terms of the agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

(Docket No. 101-1 at 5).

A change of plea hearing was held on November 3, 2023. At the outset, Defendant was placed under oath and testified that he had sufficiently discussed his case with his counsel and was satisfied with the job that he had done so far. (Docket No. 131 at 27). The Court then proceeded to conduct a detailed colloquy with Defendant at which time he stated that he understood all of the following: the charges in Criminal Nos. 21-75 and 21-139; the § 851 Information; the potential penalties including increased minimum and maximum penalties for the offenses in Criminal No. 21-139 due to the filing of the § 851 Information; his trial rights and the other rights that he was waiving by pleading guilty; and the terms of the fully executed plea agreement. (*See* Docket No. 131). Defense counsel indicated that he would be filing objections to the § 851 Information prior to sentencing, the Government deferred any argument until the matter could be briefed, and Defendant testified that he understood that he retained the right to lodge objections to the § 851 Information and that the Court would be ruling on such dispute in advance of the sentencing. (*Id*. at 30-33, 39, 41, 48, 53-54).

As to the specifics of the plea agreement, the Court and Defendant had the below exchange:

THE COURT: Now, I'm going to also address with you, since you have a copy [of the plea agreement], your potential penalties. And I'm looking at page 3 and […] Subparagraph (c) and the paragraphs that follow

…

As to Counts 1 and 3 of the indictment at Criminal No. 21-139 and given the fact that the government has filed a Section 851 information, which I already put on the record and Mr. Haller alluded to, the minimum and maximum penalties under the law that could be imposed upon you by the Court include the following: A term of imprisonment of at least ten years and up to life. A fine not to exceed $8 million. A term of supervised release of at least eight years. You're also subject to a mandatory special assessment. In your case, there are three counts. So that's $300.

…

And, first off, I know you've been reading along, Mr. Hill. Did you have a chance to read through this whole agreement when you got it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you also go over it with Mr. Raiford?

THE DEFENDANT: Yes.

THE COURT: Once again, if you had any questions about what was in the plea agreement, you and he talked about that?

THE DEFENDANT: Yes.

THE COURT: You understood what he had to tell you?

THE DEFENDANT: Yes.

THE COURT: Then turning to the plea agreement, and particularly page 5, there are two signature boxes. And one says "Todd Hill," and there is a signature. Mr. Hill, if you look up here, is that your signature?

THE DEFENDANT: Yes.

THE COURT: That was dated 9-26-23. And across the way it says "Milton E. Raiford," and that's your attorney's signature?

>THE DEFENDANT: Yes.
>
>THE COURT: You signed in front of him, and he signed in front of you back on the 26th of September; right?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: You understand by reading through this agreement, going over this agreement with your counsel and then signing off on it, you've agreed to everything in this letter? You understand that?
>
>THE DEFENDANT: Yes.[1]

(*Id*. at 29-33, 47-51).

As part of the proceeding, Defendant accepted the Government's factual summary of the offenses and confirmed that he understood that he was subject to the statutory minimum penalty of 120 months' imprisonment. (*Id*. at 42, 62). He also acknowledged that the plea agreement was the complete agreement between the parties and that no other promises were made to him to secure his guilty pleas. (*Id*. at 64). Similarly, he told the Court that no promises or predictions had been made to him about the length of his actual sentence. (*Id*.). Accordingly, the Court concluded that Defendant was voluntarily pleading guilty and accepted his guilty pleas. (*Id*. at 64-66). The Court deferred acceptance of the plea agreement until it had an opportunity to review the Presentence Investigation Report ("PIR") in this case, denied the pretrial motions, as moot, and scheduled a sentencing and supervised release violation hearing in Criminal Nos. 15-87, 21-75 and 21-139.

Upon filing of the PIR, Defendant objected to the § 851 information and argued that his prior convictions were not "serious drug felonies." (Docket No. 111). The Government responded that his prior federal drug trafficking convictions plainly supported the enhancement. (Docket No.

---

[1] The Court notes that Defendant had sufficient education and experience to understand the proceedings. At the time, Defendant was 38 years old; had earned a GED; received training in culinary arts and masonry; and had significant experience in the criminal justice system, including two prior federal criminal cases. (Docket Nos. 131 at 3-4; 133 at 4-5).

6

115). In its Tentative Findings and Rulings, the Court adopted the PIR in its entirety, overruled Defendant's objections to the § 851 information, and noted that although Defendant's advisory guideline range was 84-105 months' imprisonment, he was subject to the mandatory minimum penalty of 10 years' imprisonment at Counts 1 and 3 of Criminal No. 21-139. (Docket No. 117). On March 28, 2024, the Court sentenced Defendant to concurrent terms of imprisonment of 120 months at each of Count 1 at Criminal No. 21-75 and Counts 1 and 3 at Criminal No. 21-139. (Docket No. 125). He also admitted the supervised release violations at Criminal No. 15-87 and was sentenced to a consecutive term of 18 months' incarceration for said violations. (*Id*.). Defendant did not appeal the judgments in these matters, and they became final as of April 11, 2024.

Defendant now seeks to vacate his convictions and sentence. (Docket No. 128). As noted, the Motion has been fully briefed and is ripe for disposition.

III.   LEGAL STANDARDS

A prisoner sentenced by a federal court may move to vacate his sentence under 28 U.S.C. § 2255(a) if that "sentence was imposed in violation of the Constitution or laws of the United States" or "is otherwise subject to collateral attack." Generally, a court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the court must accept the criminal defendant's allegations as true "unless they

7

are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, Crim. No. 98-3, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). In the Court's view, Defendant's Motion can be decided after review of the record in the case, and thus a hearing is not necessary.

"A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements." *United States v. Seeley*, 574 F. App'x 75, 78 (3d Cir. 2014). First, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland v. Washington* 446 U.S. 668 at 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland*, 466 U.S. 668 at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*, 446 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). The Supreme Court has emphasized that judicial scrutiny of defense counsel's performance is "highly deferential," and a "strong presumption" exists that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690.

IV.     DISCUSSION

Defendant asks that his convictions and 120-month sentence be set aside based on alleged promises made by his former counsel and the prosecutor concerning the length of his sentence. (Docket No. 128). To that end, he initially argues that there was a purported 84-month agreement between the parties and a further understanding that a § 851 Information would not be filed. (*Id*.). He later states that he was aware that the plea agreement he signed did not contain the 84-month term and had a clause wherein the Government reserved the right to file the § 851 Information but claims that he only pled guilty based on an alleged promise by his former counsel that he would "take care" of the § 851 Information and the sentencing enhancement would not apply. (*Id*.). The Government counters that the record demonstrates that Defendant knowingly and voluntarily pled guilty pursuant to the plea agreement and that he was fully aware of the potential penalties. (Docket No. 134). Having carefully considered the parties' positions, the Court agrees with the Government that Defendant has not shown that his convictions or sentence should be set aside.

At the outset, Defendant has failed to demonstrate that his former counsel's performance prejudiced his defense such that his motion must be denied. *See Strickland*, 446 U.S. at 697. It is well established that "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 367-69 (2017). In the Court's view, Defendant's statements in his § 2255 Motion that there was a prior plea offer of 84 months and that his counsel promised him that the § 851 Information would not apply despite the explicit language of the plea agreement do not overcome the "strong presumption of verity" of his prior statements under oath confirming both that there were no other plea offers and that he was not made any other promises outside of

9

the plea agreement as to the length of his actual sentence. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. James*, 928 F.3d 247 (3d Cir. 2019).

To that end, the record clearly reveals that Defendant acknowledged several times at the change of plea hearing that he was subject to a mandatory minimum of 120 months' imprisonment and that there were no other promises made to him outside of the fully executed plea agreement. (*See* Docket No. 131). As is this Court's practice, a thorough colloquy was conducted with Defendant, at which time he was warned about the minimum and maximum potential penalties, thereby curing any potential prejudice arising out of counsel's allegedly erroneous sentencing advice that he would not be subject to the increased penalties due to the § 851 Information. *See United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (citing *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) ("an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where ... an adequate plea hearing was conducted")); *United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there were no guarantees as to sentence, and that the court could sentence him to the maximum.").

Defendant's claims are further undermined by his present acknowledgements that he knew that the plea agreement did not contain an 84-month term and that the Government had reserved the right to file the § 851 Information within the agreement. (Docket No. 128). Beyond that, the plea agreement explicitly states that he was subject to the mandatory minimum term of ten years' incarceration, and he told the Court that he had reviewed the plea agreement and understood its terms during the proceedings. (Docket No. 100-1). At most, defense counsel stated that he intended to lodge objections to the § 851 Information but the record simply does not support

10

Defendant's assertions that he was promised a sentence below the mandatory minimum by anyone. (*See* Docket No. 131 at 30-33, 39, 41, 48, 53-54). In sum, Defendant was advised on several occasions of the potential penalties associated with his guilty plea, recognized same, and disavowed the existence of any other deals. Accordingly, his ineffective assistance of counsel claim must be denied. *See Bui*, 795 F.3d at 367.

As Defendant has failed to show that he was prejudiced, no further discussion of his ineffective assistance of counsel claims is necessary. *Lilly*, 536 F.3d at 196. With that said, the Court briefly notes that defense counsel's ultimate failure to achieve the client's desired results is not per se ineffective assistance of counsel. *See United States v. Terry*, Civ. A. No. 14-1006, 2015 WL 4255527, at *7 (W.D. Pa. July 14, 2015) (Hornak, C.J.). Hence, the fact that the Court overruled Defendant's objections to the § 851 Information and did not accept the arguments that a lower sentence should be imposed are not sufficient bases to demonstrate that his former counsel performed below Constitutional standards. *See id.* Defendant has not presented any colorable claims that the sentencing enhancement should not have applied to him and, for the reasons stated in the Tentative Findings, the § 851 enhancement plainly applies due to his two prior federal drug trafficking convictions. (*See* Docket No. 120). Finally, as the record shows that Defendant knowingly and voluntarily pled guilty and understood that he was waiving his trial rights and any other Constitutional challenges to the Indictments, the Court need not discuss the Defendant's remaining arguments that his counsel should have presented better theories in his suppression motion or defended him by cross-examining certain witnesses at a potential trial. (*See* Docket No. 131 at 35-39; 58-61; 66).

Moving on, Defendant's prosecutorial misconduct claim relying on the purported 84-month plea agreement fails for essentially the same reasons. In this regard, Defendant reviewed

and accepted a plea agreement which clearly states that the mandatory minimum penalty for the drug trafficking offense was 120 months' imprisonment, and he admits that he knew that there was not an 84-month provision in the agreement when he pled guilty. (Docket No. 100-1). Similarly, Defendant disavowed under oath the existence of any other promises or sentencing predictions by anyone, including the prosecutor. (Docket No. 131 at 64). Therefore, the Court holds that Defendant's allegations concerning a prior plea agreement of 84-months are clearly contradicted by the existing record in this case. *Lee*, 582 U.S. at 367-69. Given same, Defendant's claims are appropriately denied without holding an evidentiary hearing. *See Bradshaw*, 726 F.2d at 117.

V. CONCLUSION

Based on the foregoing, Defendant's Motion is DENIED and a certificate of appealability will not issue. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: September 10, 2025

cc/ecf: All counsel of record

    TODD HILL
    BOP # 05610-087
    FCI Ashland
    FEDERAL CORRECTIONAL INSTITUTION
    P.O. BOX 6001
    ASHLAND, KY 41105
    (via first class mail)